Parnell & Parnell, P.A.
Charles N. Parnell III
641 So. Lawrence Street, P.O. Box 2189
Montgomery, Alabama 36104
Phone: (334)832-4200
Fax: (334)293-3550

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA (MONTGOMERY)

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 17-31496-DHW |
| | § | |
| Melissa Bonner | § | |
|     Debtor | § | CHAPTER NO. 13 |
| | § | |
| Global Lending Services, LLC | § | |
| Its assignees and/or successors in interest | § | |
|     Claimant | § | |

### OBJECTION TO CONFIRMATION

### TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Global Lending Services, LLC, its successors and/or assigns, a secured creditor and party in interest ("Claimant") pursuant to 11 U.S.C. §§1322(b)(2), 1325(a)(5) and 1326(a)(1) and bankruptcy rule 3015, files its Objection to Confirmation of Debtor's Chapter 13 Plan of Reorganization ("Plan") and in support thereof would respectfully show the Court as follows:

1. Debtor filed a voluntary petition under Chapter 13 of Title 11, United States Bankruptcy Code, on May 26, 2017 ("Petition Date").

2. Claimant is the owner and holder of a Retail Installment Sale Contract ("Contract") in the original principal sum of $20,461.00, dated October 16, 2016, and executed by Melissa Bonner ("Debtor") for the purchase of a 2015 Dodge Charger - VIN: 2C3DCXBG2FH856879 ("Collateral"). A true and correct copy of the Contract and of the Certificate of Title indicating Claimant's perfected lien in the Collateral are attached to Claimant's Proof of Claim.

3. The total debt due and owing to Claimant as of the Petition Date was $21,030.42 as evidenced by Claimant's Proof of Claim and Debtor remains indebted to Claimant in that amount.

4. In accordance with 11 U.S.C. §1325, if a motor vehicle is purchased for the personal use

of a debtor within 910 days preceding the petition date, and is collateral securing a debt that is the subject of a claim, said claim shall not be valued under 11 U.S.C. §506. In the present case, the Collateral was purchased for Debtor's personal use on October 16, 2016, subject to a purchase money security interest in favor of Claimant. Therefore, Claimant alleges that its claim be allowed and treated as fully secured in the amount of $21,030.42.

5. As stated above, Debtor purchased the vehicle which is subject to Claimant's lien, on October 16, 2016. Approximately seven months later Debtor filed this case. Debtor's plan is a zero (0%) percent composition where she is not offering to pay her unsecured creditors anything. Debtor's petition and schedules do not reflect that she has any other secured creditors, any priority tax debt or other debt that she is paying through this case other than the cost of the administration and her attorney's fees. Therefore, this case can best be characterized as a "car" case where Debtor is simply attempting to modify the contractual terms of a consensual purchase agreement made only seven months prior to the filing of the case, significantly reducing Claimant's interest rate.

6. Debtor's plan has no rehabilitative effect.

7. It is not in the best interest of this Debtor to stay in a bankruptcy case for five years for the sole purpose of paying a car loan. The expense of doing so, including the cost of administration and attorney's fees, as well as the Debtor using her bankruptcy discharge for a long period of time does not warrant the relief that she would be receiving.

8. Claimant objects to confirmation of the Plan pursuant to 11 U.S.C. §§1325(a)(5) and 1326(a)(1)(C) because it:

    a. Understates the value of the Collateral and is unfeasible due to lack of sufficient income to pay the claims provided for in the Plan;
    b. Does not fully provide for Claimant's allowed secured claim at a rate of interest sufficient to meet the requirements of the U.S. Supreme Court case: *In re Till*; and
    c. Proposes an unreasonable length of time without making adequate protection payments as required by §1326(a)(1)(C) or providing for equal monthly payments as required by §1325(a)(5);
    d. The plan is unfeasible based on the payments the Debtor has proposed to pay to fund the plan;
    e. This case has no rehabilitative purpose since the Debtor is only proposing to pay Claimant's secured claim, the costs of administration and nothing more;

  f. The case was filed in bad faith;
  g. The Debtor has no proper insurance coverage on the vehicle subject to Claimant's lien.

WHEREFORE, PREMISES CONSIDERED, Claimant prays that this Court deny confirmation of the Plan and grant Claimant such other and further relief, at law and in equity, as is just.

Respectfully submitted,

Parnell & Crum, P.A.

/s/ Charles N. Parnell, III
Charles N. Parnell III
641 So. Lawrence Street, P.O. Box 2189
Montgomery, Alabama 36104
Phone: (334)832-4200
Fax: (334)293-3550
LOCAL COUNSEL FOR CLAIMANT

## CERTIFICATE OF SERVICE

I hereby certify that on the __5th__ day of July, 2017, a true and correct copy of the foregoing Objection to Confirmation was forwarded electronically by CM/ECF or via U. S. First class mail, to the following interested parties:

**Debtor's Attorney**
Richard D. Shinbaum
P.O. Box 201
Montgomery, Alabama 36101

**Debtor**
Melissa Bonner
488 S. Conecuh Street, C-3
Greenville, Alabama 36037

**Trustee**
Sabrina L. McKinney
P.O. Box 173
Montgomery, Alabama 36101

**U.S. Trustee**
Office of the U.S. Trustee
One Church Street
Montgomery, Alabama 36104

/s/ Charles N. Parnell, III
Charles N. Parnell III